UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61838-SINGHAL/VALLE

LORRAINE VENTURELLA,

    Plaintiff,

v.

KILOLO KIJAKAZI,[1]
Acting Commissioner of
Social Security Administration,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff's Motion for Summary Judgment (ECF No. 13) and Defendant's Motion for Summary Judgment (ECF No. 14) (together, "the Motions"). U.S. District Judge Raag Singhal has referred the Motions to the undersigned for a Report and Recommendation. (ECF No. 5).

After due consideration of the record and the parties' briefs, including Defendant's Response (ECF No. 15), Plaintiff's Reply (ECF No. 16), and the hearing on the Motions,[2] and being otherwise fully advised on the matter, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be **DENIED**, Defendant's Motion for Summary Judgment be **GRANTED**, and the Administrative Law Judge's Decision ("ALJ's Decision") be **AFFIRMED** for the reasons set forth below.

---

[1] Kilolo Kijakazi has been appointed Acting Commissioner of the Social Security Administration. Consequently, pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted for Andrew Saul as Defendant in this case.

[2] The Court held a hearing on the Motions on August 11, 2022. (ECF No. 24). The transcript of the proceedings is incorporated by reference. (ECF No. 25) (hereinafter "Hr'g Tr.").

## I.  PROCEDURAL HISTORY

On June 10, 2019, Plaintiff applied for disability insurance benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq.*, alleging disability beginning on June 3, 2019.  (R. 49).[3]  Plaintiff's application was denied initially and again upon reconsideration. (R. 115, 132).  Thereafter, Plaintiff requested a hearing, which was held on October 29, 2020, before ALJ Denise Pasvantis.  (R. 65-89).  Plaintiff appeared with counsel and testified at the hearing.  (R. 68-87).  A Vocational Expert ("VE") also testified.  (R. 87-88).  On December 15, 2020, the ALJ issued a decision denying Plaintiff's application and finding that Plaintiff was not disabled within the meaning of the Act.  (R. 49-59).

Thereafter, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's Decision the Commissioner's "final decision."  (R. 1-7); *see Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Plaintiff now seeks judicial review of the ALJ's Decision.  (ECF No. 1); *see also* 42 U.S.C. § 405(g).  Both parties have moved for summary judgment, and the Motions are ripe for adjudication.

## II.  STANDARD OF REVIEW

Judicial review of the ALJ's Decision is limited to whether there is substantial evidence in the record as a whole to support the ALJ's finding and whether the ALJ applied the correct legal standards in making her determination.  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019); *Carson v. Comm'r of Soc. Sec.*, 440 F. App'x 863, 864 (11th Cir. 2011) (citations omitted); *see also* 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  *Biestek*, 139 S. Ct. at 1154 (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Carson*, 440 F. App'x at 864

---

[3] All references are to the record of the administrative proceeding, which was filed as part of the Defendant's Answer.  *See* (ECF Nos. 8, 9).

(quoting *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004)); *accord Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (substantial evidence is "more than a scintilla, but less than a preponderance"). A court, however, "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). Even if evidence preponderates against the ALJ's Decision, a court must affirm "if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)). Within this narrow role, however, courts do not act as automatons. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). Rather, they "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Id.* (citation omitted).

To qualify for benefits, a claimant must be disabled within the meaning of the Act. *See* 42 U.S.C. § 423 (standard for DIB). A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is one that "results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine eligibility, the ALJ employs a five-step sequential evaluation:

(1)   Is the person presently unemployed?
(2)   Is the person's impairment severe?
(3)   Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart. P, Appendix 1 (the "Listings")?
(4)   Is the person unable to perform his or her former occupation?
(5)   Is the person unable to perform any other work within the economy?

3

20 C.F.R. § 404.1520(a)(4) (evaluation process for DIB).  An affirmative answer to any of the above questions leads either to the next question or, on Steps 3 and 5, to a finding of disability. *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  A negative answer to any question, other than Step 3, leads to a determination of "not disabled."  *Id.*

Importantly, the burden of proof rests on the claimant through Step 4.  *Phillips v. Barnhart*, 357 F.3d 1232, 1241 n.10 (11th Cir. 2004).  At Step 4, the ALJ must consider: (i) the claimant's residual functional capacity ("RFC"); and (ii) the claimant's ability to return to her past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  The regulations define RFC as that which an individual is still able to do despite the limitations caused by her impairments.  20 C.F.R. § 404.1545(a).  The ALJ will "assess and make a finding about [the claimant's RFC] on all the relevant medical and other evidence" in the case.  20 C.F.R. § 404.1520(e).  The RFC assessment is used to determine whether the claimant can return to her past relevant work under Step 4, and if so, "the ALJ will conclude that the claimant is not disabled."  *Phillips*, 357 F.3d at 1238 (citations omitted).  If a claimant cannot return to her past relevant work, then the ALJ proceeds to Step 5.  *Id.*

At Step 5, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant "can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v); *Phillips*, 357 F.3d at 1239.  The ALJ must determine if there is other work available in significant numbers in the national economy that the claimant can perform. *Phillips*, 357 F.3d at 1239.  If the claimant can make the adjustment to other work, the ALJ will determine that the claimant is not disabled.  *Id.*  Conversely, if the claimant cannot make the adjustment to other work, the ALJ will determine that the claimant is disabled.  *Id.*  The ALJ may determine whether the claimant is able to adjust to other work in the national economy by either: (1) applying the Medical Vocational Guidelines (contained within 20 C.F.R. Part 404, Subpart P, Appendix 2);

4

or (2) using a VE, who can opine on whether someone with the claimant's limitations can obtain employment in the national economy. *Id.* at 1239-40.

### III. THE ALJ'S DECISION

On December 15, 2020, after reviewing the evidence and conducting the sequential analysis, the ALJ concluded that Plaintiff "has not been under a disability within the meaning of the [Act] from June 3, 2019, through the date of this decision." (R. 58).

At Step 1, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 3, 2019, the alleged onset date. (R. 51).

At Step 2, the ALJ found that Plaintiff had the following severe impairments: Barrett's esophagitis with gastroesophageal reflux disease and degenerative disc disease of the cervical and lumbar spine. *Id.*

At Step 3, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any one of the Listings. (R. 53).

At Step 4, the ALJ determined that Plaintiff has the RFC to lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand/walk/sit for six hours in an eight-hour workday; frequently climb ramps and stairs and balance; and occasionally climb ladders, ropes, and scaffolds and stoop, kneel, crouch, and crawl. (R. 54).

Based on this RFC, the ALJ concluded that Plaintiff was able to perform her past relevant work as an administrative assistant at the sedentary level. Thus, the ALJ did not proceed to Step 5 of the sequential analysis. The ALJ ultimately concluded that Plaintiff was not disabled. (R. 58).

IV.     **DISCUSSION**

On appeal, Plaintiff argues that the ALJ committed several errors that resulted in an incorrect RFC assessment.[4] First, Plaintiff argues that the ALJ improperly discounted the medical opinions of Dr. Jeffrey Stein and Dr. William Munoz. (ECF No. 13-2 at 5-12). Next, Plaintiff challenges the ALJ's evaluation of Plaintiff's subjective symptoms and failure to consider her work history. *Id.* at 12-18. As discussed below, the undersigned finds that the ALJ applied the proper legal standards and that the ALJ's Decision is supported by substantial evidence. Accordingly, the ALJ's Decision should be affirmed.

A.     **Regulatory Framework for Weighing Medical Opinions**

Social Security regulations require the ALJ to consider and evaluate all evidence, including medical opinions. 20 C.F.R. § 404.1513(a). Medical opinions are statements "from a medical source about what [the claimant] can still do despite [her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions" regarding her ability to perform physical demands (such as sitting, standing, walking, reaching, and handling, among others) and mental demands of work activities (such as understanding, remembering, and maintaining concentration, persistence, and pace). 20 C.F.R. § 404.1513(a)(2).

Relevant here, in weighing medical opinions for claims filed after March 27, 2017, the treating source rule has been eliminated.[5] *Matos v. Comm'r of Soc. Sec.*, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022) ("This new regulatory scheme no longer requires the ALJ to either assign

---

[4] In the pre-hearing Joint Status Report, Plaintiff withdrew her challenge to the Commissioner's unconstitutional appointment. (ECF No. 20). At the hearing on the Motions, the undersigned confirmed that this issue had been withdrawn. (Hr'g Tr. 5:25-6:7).

[5] For claims filed before March 27, 2017, the treating source rule generally required ALJs to give "controlling weight" to a treating source's opinion absent good cause. 20 C.F.R. § 404.1527(c)(2).

more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion."); *Ramos v. Kijakazi*, No. 20-CV-23478, 2021 WL 5746358, at *9 (S.D. Fla. Nov. 9, 2021); *Bonilla v. Saul*, No. 19-CV-25323, 2020 WL 9048787, at *4 (S.D. Fla. Oct. 23, 2020). Under the revised regulations, while a medical source's treatment relationship with a claimant remains a factor to be considered in assessing the persuasiveness of a medical source opinion, the opinion of a treating source is no longer entitled to controlling weight or deferential treatment. *Ramos*, 2021 WL 5746358, at *9; *Bonilla*, 2020 WL 9048787, at *4. Instead, the persuasiveness of any medical source's opinion (whether treating, examining, or reviewer) depends on whether the opinion is: (i) supported by objective medical evidence and the source's explanation of his opinion; and (ii) consistent with other evidence in the medical record. 20 C.F.R. § 404.1520c(c)(1)-(2). These factors, referred to as "supportability" and "consistency," are the "most important factors" in the ALJ's analysis.[6] 20 C.F.R. § 404.1520c(b)(2); *Matos*, 2022 WL 97144, at *4; *Bonilla*, 2020 WL 9048787, at *4. Additional factors include treatment relationship with the claimant, area of specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c)(3)-(5). In addition, while the ALJ must articulate how she considered medical opinions from all medical sources, the ALJ need only explain her consideration of the supportability and consistency factors. *Bonilla*, 2020 WL 9048787, at *5; 20 C.F.R. § 404.1520c(b)(2).

---

[6] "Supportability" refers to the relevance of "the objective medical evidence and supporting explanations presented by a medical source to support his or her" opinion. 20 C.F.R. § 404.1520c(c)(1). "Consistency" looks to whether "the evidence from other medical sources and nonmedical sources in the claim" are consistent with the medical opinions presented. 20 C.F.R. § 404.1520c(2).

7

### B. The Medical Opinions at Issue

#### 1.     Dr. Stein's Opinion

Dr. Stein treated Plaintiff from 2017 through 2021. *See e.g.,* (R. 13-30, 770-75). On September 24, 2020, Dr. Stein completed a Fibromyalgia RFC Questionnaire in which he discussed Plaintiff's symptoms and resulting limitations. (R. 986-90). Plaintiff's symptoms included multiple tender points, nonrestorative sleep, chronic fatigue, morning stiffness, muscle weakness, subjective swelling, irritable bowel syndrome, frequent severe headaches, numbness and tingling, anxiety, depression, mitral valve prolapse, hypothyroidism, carpal tunnel syndrome, and chronic fatigue syndrome. (R. 986). According to Dr. Stein, emotional factors contributed to the severity of Plaintiff's symptoms and functional limitations. (R. 987). Dr. Stein noted that Plaintiff suffers daily pain in the lumbosacral and cervical spines, thoracic spine, arms, and hands/fingers, particularly when she remains in a static position. *Id*. Dr. Stein also noted that her pain and/or other symptoms are severe enough to constantly interfere with the attention and concentration needed to perform even simple work tasks. *Id*.

In the Questionnaire, Dr. Stein further opined that Plaintiff was incapable of performing even low stress jobs; could sit/stand/walk less than two hours during a workday; would need to take unscheduled 30-minute breaks every 30 minutes; would need to shift positions during the workday; and would miss more than four days of work per month. (R. 988-89). Dr. Stein also indicated that Plaintiff had significant limitations with reaching, handling, and fingering, and could lift less than 10 pounds occasionally and never more than that. (R. 989). Dr. Stein opined that Plaintiff would likely have "good and bad days." *Id.* Despite these severe limitations, Dr. Stein listed Plaintiff's prognosis as fair. (R. 986).

### 2. *Dr. Munoz's Opinion*

Dr. Munoz treated Plaintiff from 2019 to 2020. *See generally,* (R 955-78). On October 5, 2020, Dr. Munoz completed a Physical RFC Questionnaire. (R. 980). Dr. Munoz rated Plaintiff's neck and spine pain to be 7 out of 10 in severity and constant in both areas. *Id*. Objective signs included decreased cervical and lumbar range of motion. *Id*. Dr. Munoz treated Plaintiff with non-steroid anti-inflammatory drugs, muscle relaxers, and physical therapy. *Id*. According to Dr. Munoz, emotional factors, including anxiety, contributed to the severity of Plaintiff's physical symptoms and functional limitations. (R. 981). He further opined that Plaintiff's pain or other symptoms are severe enough to frequently interfere with the attention and concentration needed to perform even simple work tasks. *Id*. Nonetheless, Dr. Munoz concluded that Plaintiff was capable of performing low stress jobs. *Id*.

Dr. Munoz further opined that Plaintiff could sit/stand/walk for about 2 hours in an 8-hour workday. (R. 982). Plaintiff would need to take a 10-minute unscheduled break every 30 minutes, sit with legs elevated above heart level, and only frequently lift/carry 10 pounds. *Id*. Additionally, Plaintiff could rarely look up or down, and only occasionally turn her head right or left. (R. 983). According to Dr. Munoz, Plaintiff would likely be absent from work because of her impairments or treatment about 3 days per month. *Id*.

### C. Substantial Evidence Supports the ALJ's RFC Assessment

### 1. *The ALJ Properly Weighed the Medical Opinions*

After reviewing the medical evidence, the ALJ concluded that the opinions of Drs. Stein and Munoz (in their respective RFC Questionnaires, described above) were "not persuasive as their findings [were] not consistent with the medical evidence of record." (R. 58). More specifically, the ALJ noted that "[t]he extent of the claimant's functional limitations, as set forth by Dr. Munoz and Dr. Stein, is not supported by the objective medical evidence." *Id*.

Plaintiff complains that the ALJ failed to give "good reasons" for finding these opinions unpersuasive and asserts that the ALJ "cherry picked" negative physical findings and ignored positive findings in her Decision. *See generally,* (ECF No. 13-2 at 9-12). Upon review of the record, however, the undersigned finds that the ALJ properly considered all medical opinions and explained how the opinions of Drs. Stein and Munoz were internally inconsistent and unsupported by other record evidence, as required by the new regulations. 20 C.F.R. § 404.1520c(b)(2).

First, the ALJ noted that the result of physical examinations after the alleged onset date were inconsistent with Dr. Stein's and Dr. Munoz's disabling opinions. More specifically, the ALJ noted that Plaintiff had no neurological deficits or significant abnormalities, had normal muscle strength and tone, normal sensation, no edema in the extremities, and normal gait. (R. 58). The ALJ's statement is supported by the medical record. *See, e.g.,* (R. 457, 468, 471 689) (reflecting normal musculoskeletal findings in extremities, fingers, head, neck, and normal gait and station). The undersigned agrees that these unremarkable objective medical findings do not support Drs. Stein's and Munoz's disabling opinions. *See* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion . . . will be."). Thus, the ALJ sufficiently addressed the consistency factor in considering the opinions of Drs. Stein and Munoz.

The ALJ also addressed the supportability factor. *See* 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion . . . , the more persuasive the medical opinion . . . will be."). As to Dr. Stein, the ALJ noted that although Dr. Stein completed a Fibromyalgia RFC, there was no diagnosis of fibromyalgia or any objective findings of record related to fibromyalgia since the alleged onset date. (R. 58, 986). Indeed, Dr. Stein's treatment notes do not mention

fibromyalgia and, as the ALJ correctly noted, fibromyalgia was last referenced in the medical records from 2017. (R. 58); *compare* (R. 307, 310) (treatments notes from 2017), *with* (R. 536, 542, 548, 554, 732, 807) (treatment notes from 2019). The ALJ also discussed Plaintiff's visits to Dr. Stein in: (i) July 2019, reflecting that claimant "is doing well" and "[i]nspection of head and neck . . . reveals no abnormalities," with full strength in the upper and lower extremities, normal gait and station, good posture, and "ribs and spine are benign." (R. 55); *see also* (R. 729, 731); and (ii) November 2019, reflecting no report of joint pain or stiffness, full strength in the upper and lower extremities, normal bulk and tone, normal gait and no unsteadiness. (R. 56); *see* also (R. 804-09); (Hr'g Tr. 13:22-25) (Plaintiff concedes that the record contains benign and non-benign findings).

      As to Dr. Munoz, the ALJ stated:

> From December 2019 through September 2020, the claimant presents on multiple occasions to her primary care provider, William Munoz, M.D., for further evaluation of acute low back pain, neck pain with radiculopathy to the bilateral lower extremities (Exhibit 29F). Evaluation reports during this period show claimant experiences some spinal pain, aggravated by lifting heavier objects, sitting for long periods of time, and when engaging in consistent activity. Physical evaluations show the claimant has a bent over [gait]; along with tenderness in the cervical spine and loss of full spine flexion . . . and extension in the lumbar spine. However, these same physical evaluations reveal the claimant maintains normal range of motion in the cervical and thoracic spine; no gross deformities in the cervical, thoracic, or lumbar spine stability; and no evidence of joint pain, stiffness, or swelling. In addition, the claimant maintains normal 5/5 muscle strength in the upper and lower extremities, along with normal muscle tone and evaluation of the neck muscles further reveals normal rotation and normal strength and tone at the neck. Moreover, with regard to her treatment plan . . . [Claimant] is also treated
>
> conservatively with prescribed medication, [and] Dr. Munoz does not recommend surgical intervention, which further suggests her condition is not as severe as she alleges[.]

(R. 56).

      Against this backdrop, the undersigned finds no error in the ALJ's weighing of the medical opinions. In weighing these medical opinions, the ALJ was not required to use any particular

language or formulations as long as the ALJ applied the proper legal standards and substantial evidence supports her decision. Such is the case here. *See Gelbart v. Berryhill*, No. 17-CV-61361, 2018 WL 4573145, at *3 (S.D. Fla. Sept. 25, 2018) (concluding ALJ properly evaluated regulatory factors where factors are evident in the ALJ's analysis, although not specifically enumerated and discussed by name). Moreover, the ALJ was not required to discuss every piece of evidence or articulate "good cause" to discount these medical opinions. Here, the ALJ did what the regulations required her to do: she articulated the supportability and consistency of the medical opinions of Drs. Stein and Munoz. *See* 20 C.F.R. § 404.1520c(b)(2); *Matos*, 2022 WL 97144, at *4. As the ALJ correctly noted, the record contains "evidence of a spinal disorder, specifically degenerative disc disease, cervical and lumbar . . . [and further reflects that] claimant experiences chronic neck and low back pain that reduces her overall range of motion and limits her ability to walk, sit or stand for prolonged periods; or perform postural movements on a sustained basis." (R. 55). But a diagnosis alone is insufficient to establish the severity of an impairment or any resulting work-related limitations. *Taylor on Behalf of Est. of Taylor v. Berryhill*, No. 17-CV-61402, 2018 WL 5098961, at *12 (S.D. Fla. Aug. 10, 2018), *report and recommendation adopted sub nom. Taylor v. Soc. Sec. Admin.*, 2018 WL 4690793 (S.D. Fla. Oct. 1, 2018). Moreover, the issue is not whether some evidence might support Plaintiff's allegations. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003. Nor is it for the Court to "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel,* 631 F.3d at 1178 (citation omitted). Rather, the Court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). Indeed, even if evidence preponderates against the ALJ's Decision, a court must affirm "if the decision is supported by substantial evidence." *Bloodsworth,* 703 F.2d at 1239. Here, after reviewing the record as a whole,

the undersigned finds that substantial evidence supports the ALJ's Decision and that the ALJ applied the proper legal standards.

Having determined that substantial evidence supports the ALJ's evaluation of the medical opinions, the undersigned must determine whether the ALJ properly assessed Plaintiff's RFC. A claimant's RFC is the most a claimant can do despite the limitations caused by her impairments. 20 C.F.R. § 404.1545(a)(1). Social Security regulations classify the physical exertion requirements for work as sedentary, light, medium, heavy, and very heavy. *See* 20 C.F.R. § 404.1567. Along with age, education, and work experience, the ALJ considers a claimant's RFC in determining whether the claimant can work. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citation omitted). In the end, the responsibility for determining a claimant's RFC rests with the ALJ, and the ALJ is not required to give any special significance to the opinion of medical sources in determining the RFC. *Lewen v. Comm'r of Soc. Sec.*, 605 F. App'x 967, 968 (11th Cir. 2015) (upholding RFC finding that accounted for medical opinions not specifically discussed by the ALJ).

Here, the ALJ determined that Plaintiff has the RFC to lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand/walk/sit for six hours in an eight-hour workday; frequently climb ramps and stairs and balance; and occasionally climb ladders, ropes, and scaffolds and stoop, kneel, crouch, and crawl.[7] (R. 54). Plaintiff failed to show that she was more limited than the ALJ found or establish that she was unable to perform her past relevant work. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1512(a); *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986) (recognizing that the burden is on the claimant to show she cannot perform her

---

[7] This RFC comports with the opinions of the State Agency consultants at the initial and reconsideration disability levels. (R. 58); *see also* (R. 110-11, 127-28). The ALJ found the opinions of the State Agency consultants persuasive because the opinions were supported by the objective medical findings. (R. 58).

past relevant work). Accordingly, the undersigned finds that the ALJ applied the proper legal standards and substantial evidence supports her decision. *See*, *e.g.*, *Matos*, 2022 WL 97144, at *4 (concluding that substantial evidence supported ALJ's determination that claimant was not disabled based on a consideration of the consistency and supportability of the medical opinion evidence and medical findings in accordance with new regulatory scheme).

### 2. *The ALJ Properly Assessed Plaintiff's Subjective Symptoms*

Next, Plaintiff argues that the ALJ did not properly consider Plaintiff's subjective symptoms and her work history in assessing her RFC. (ECF No. 13-2 at 12-18). In considering a claimant's symptoms, the ALJ must follow a two-step process: "Step one is to determine whether the individual has a medically determinable impairment that could reasonably be expected to produce the alleged symptoms." *Contreras-Zambrano v. Soc. Sec. Admin., Comm'r,* 724 F. App'x 700, 703 (11th Cir. 2018) (citing SSR 16-3p). "Step two is to evaluate the intensity and persistence of an individual's symptoms, such as pain, and determine the extent to which an individual's symptoms limit her ability to perform work-related activities." *Id*. An ALJ considers "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [a claimant's] statements and the rest of the evidence, including [claimant's] history, the signs and laboratory findings, and statements by [the claimant's] medical sources or other persons about how [her] symptoms affect [her]. [A claimant's] symptoms, including pain, will be determined to diminish [her] capacity for basic work activities to the extent that [her] alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence." 20 C.F.R. § 404.1529(c)(4). "If the ALJ discredits subjective testimony, [she] must articulate explicit and adequate reasons for doing so." *Whitmore v. Soc. Sec. Admin., Comm'r*, 855 F. App'x 641, 643 (11th Cir. May 17, 2021) (citation omitted). "Failure to articulate the reasons for discrediting subjective testimony requires, as a

14

matter of law, that the testimony be accepted as true." *Id.* Nonetheless, courts will not disturb a clearly articulated finding about subjective complaints that is "supported by substantial evidence." *Id.* (citation omitted); *Matos*, 2022 WL 97144, at *7 (same).

Here, after referencing the proper legal standards (i.e., 20 C.F.R. § 404.1529 and SSR 16-3) and discussing Plaintiff's testimony regarding her impairments, medications, and activities of daily living, *see* (R. 54-55), the ALJ concluded that Plaintiff's statements about the intensity, persistence, and limiting effects of her impairments and symptoms were not entirely consistent with the medical evidence and other evidence in the record, for the reasons discussed in the ALJ's Decision. (R. 55). As the ALJ correctly noted, the record contains "evidence of a spinal disorder, specifically degenerative disc disease, cervical and lumbar . . . [and further reflects that] claimant experiences chronic neck and low back pain that reduces her overall range of motion and limits her ability to walk, sit or stand for prolonged periods; or perform postural movements on a sustained basis. *Id*. But the ALJ further explained that "the extent of the claimant's impairment related limitations, as she alleges, is not fully supported by the objective medical evidence," noting that "most physical evaluation reports in the record reveal no significant physical abnormalities nor significant neurological deficits." *Id*. The ALJ noted that the records reflect that Plaintiff "generally maintains a normal gait and station, with no use of an assistive device; she demonstrates 5/5 muscle strength; normal muscle tone and sensation; and her DTRs are intact," with full strength of the upper and lower extremities, and benign spine. *Id*. The ALJ also considered the nature and effectiveness of Plaintiff's treatment protocol, which consisted of generally conservative treatments such as medication, physical therapy, and exercise programs. (R. 56-57); *see also Brown v. Comm'r of Soc. Sec.*, 680 F. App'x 822, 826 (11th Cir. 2017) (concluding that there was substantial evidence supporting the ALJ's assessment of claimant's symptoms treated with conservative treatments, including prescription medications, physical therapy, diet, and exercise).

The ALJ further noted that the side effects of the medications were mild and would not significantly interfere with Plaintiff's work activities. (R. 56).

Lastly, Plaintiff argues that the ALJ failed to consider Plaintiff's work history. (ECF No. 13-2 at 17). Here, although the ALJ's Decision did not reference Plaintiff's work history, Plaintiff testified at length during the administrative hearing about her years of employment and the different positions and responsibilities she held. (R. 81-84). There is no rigid requirement that the ALJ specifically refer to every piece of evidence in her Decision, as long as the ALJ's Decision is not a broad rejection of the evidence. *Cates v. Comm'r of Soc. Sec.*, 752 F. App'x 917, 921 (11th Cir. 2018) (citations and quotations omitted); *see also Whitmore*, 855 F. App'x 643-44 (concluding that there was sufficient evidence to support ALJ's discounting of claimant's subjective pain complaints); *Matos*, 2022 WL 97144, at *7 (finding that substantial evidence supported the ALJ's evaluation of claimant's subjective complaints).

The ALJ thus concluded:

> Viewing all of the evidence together, the undesigned finds that the claimant's subjective allegations of disability cannot reasonably be accepted as consistent with the objective medical evidence and other evidence in this case record (as required by 20 CFR 404.1569 and 416.929). Medical reports show the claimant experiences pain and tenderness in the back and neck regions, with reported pain in her lower extremities. However, physical evaluations in the record consistently show the claimant maintains normal strength in the upper and lower extremities, normal range of motion in the cervical and thoracic spine; no gross deformities in the cervical, thoracic, or lumbar spine stability; and no evidence of joint pain, stiffness, or swelling. Evaluation of the neck further reveals normal rotation, strength, and tone. Even more, her gait is generally stable, with no need for an assistive device to ambulate. In addition, treatment reports show the claimant's treatment for her condition has been relatively conservative in nature, consisting of no more than prescribed medication, an in-home exercise program, and previous epidural injections; and her condition has not required any surgical intervention. Despite some limitation in her functional mobility, the degree of debilitation alleged by the claimant in this case is not supported by the medical evidence of record. Moreover, there are no reports to suggest that claimant's impairment related symptoms and limitations are so severe as to preclude her from all work activity. Nonetheless, to account for her pain and limitation in her mobility due to her documented spinal

impairment, the undersigned limits the claimant to sedentary work [with certain exertional limitations].

(R. 57).

Against this factual and legal backdrop, the undersigned finds that substantial evidence supports the ALJ's assessment of Plaintiff's subjective symptoms, limitations, and work history in determining Plaintiff's RFC, and the ALJ applied the proper legal standards.

## V. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (ECF No. 13) be **DENIED,** that Defendant's Motion for Summary Judgment (ECF No. 14) be **GRANTED**, and that the ALJ's Decision be **AFFIRMED** for the reasons set forth above.

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** at Chambers, in Fort Lauderdale, Florida, on August 18, 2022.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
    All Counsel of Record